

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### NORTHERN DIVISION

**MICHAEL MARCEL McLAURIN,**

      Plaintiff,

-vs-

**CORRECTIONS OFFICER KABAT, et al.,**

      Defendants.

_____/

Case: 2:23-cv-11212
Judge: Berg, Terrence G.
MJ: Patti, Anthony P.
Filed: 05-17-2023
PRIS MCLAURIN VS KABAT ET AL (DP)

## VERIFIED COMPLAINT

### I.  PREVIOUS LAWSUITS

Plaintiff, Michael Marcel McLaurin has never filed a lawsuit while incarcerated in any prison, or jail facility

### II.  PARTIES

#### A.  Plaintiff

Name of Plaintiff:  Michael Marcel McLaurin
Place of Present Confinement:  Chippewa Correctional Facility
Address; 4269 West M-80 Hwy., Kinchloe, MI  49784

#### Place of Confinement During Events Described in Complaint:

Location No. 1 - St. Louis Correctional Facility, 8585 North Croswell Road, St. Louis, MI  48880, hereinafter "(SLF)."
Location No. 2 – Chippewa Correctional Facility, 4269 West M-80 Hwy., Kinchloe, MI  49784, hereinafter "(URF-East)."

1

## B. DEFENDANTS

Name of Defendant #1 – Kabat
Position or Title - Corrections Officer
Place of Employment – SLF
Address – St. Louis, MI
Official and/or Personal Capacity – Official and Personal Capacities

Name of Defendant #2 – Dalton
Position or Title – Second Shift Sergeant
Place of Employment – SLF
Address – St. Louis, MI
Official and/or Personal Capacity – Official and Personal Capacities

Name of Defendant #3 – Salinas
Position or Title – Inspector
Place of Employment – SLF
Address – St. Louis, MI
Official and/or Personal Capacity – Official and Personal Capacities

Name of Defendant #4 – Lamentola
Position or Title – Assistant Deputy Warden
Place of Employment – SLF
Address – St. Louis, MI
Official and/or Personal Capacity – Official and Personal Capacities

Name of Defendant #5 – Levy
Position or Title – Acting Grievance Coordinator
Place of Employment –SLF
Address – St. Louis, MI
Official and/or Personal Capacity – Official and Personal Capacities

Name of Defendant #6 – John Christiansen
Position or Title – Warden
Place of Employment – SLF
Address – St. Louis, MI
Official and/or Personal Capacity – Official and Personal Capacities

Name of Defendant #7 – Alexandra Baron
Position or Title – Unknown
Place of Employment – MDOC, Grandview Plaza Building
Address – Lansing, MI
Official and/or Personal Capacity – Official and Personal Capacities

Name of Defendant #8 – J. Corrigan
Position or Title – Warden
Place of Employment – URF-East
Address – Kinchloe, MI  49784

### III. STATEMENT OF CLAIM

1. This is a civil action authorized by *42 USC § 1983* to redress the deprivation under color of State law, or rights secured by the Constitution of the United States. Plaintiff seeks declaratory relief pursuant to *28 USC § 2201* together with monetary damages against the defendants for violations of the Eighth Amendment of the United States Constitution, the Prison Rape Elimination Act *42 USC § 15601 et seq.*, and *28 CFR 115.52,* and for violation of the First Amendment of the United States Constitution, for Defendants retaliating against Plaintiff for exercising his right to redress his grievances against Government officials.

2. This Honorable Court has jurisdiction pursuant to *28 USC §§ 1331* and *1343(a)(3)*. The Eastern District Court – Northern Division has proper venue pursuant to *28 USC § 1391(b)(a)* because it is where the events gave rise to this claim occurred.

3. Plaintiff is an inmate located in the Michigan Department of Corrections at the Chippewa Correctional Facility, 4269 West M-80 Hwy., Kinchloe, MI  49784.

4. Plaintiff seeks to redress this Court for the violations of his Eighth Amendment rights to receive adequate mental and medical treatment, and his right to be protected from sexual abuse. Plaintiff also seeks redress in this Court against the named Defendants for Federal statute violations as it relates to the Prison Rape Elimination Act. The violations alleged in this Complaint apply to both St. Louis Correctional Facility (SLF), 8585 North Croswell Road, St. Louis, MI 48880 and the Chippewa Correctional Facility (URF-East), 4269 West M-80 Hwy., Kinchloe, MI 49784.

3

5. Plaintiff also seeks to redress this Court for the violations of his First Amendment rights to redress his grievances against Government officials by and through the retaliation imposed on Plaintiff in the form of phone restrictions for having filed a PREA Complaint against an MDOC Employee. Moreover, the retaliation extended to repeated "cell shakedowns" that resulted in most of Plaintiff's papers in relation to this Complaint as being destroyed by MDOC Staff. The violations alleged in this Complaint apply to both St. Louis Correctional Facility (SLF), 8585 North Croswell Road, St. Louis, MI 48880 and the Chippewa Correctional Facility (URF-East), 4269 West M-80 Hwy., Kinchloe, MI 49784.

6. The Defendants represent those State workers who were employed by the Michigan Department of Corrections at the St. Louis Correctional Facility during the time of the alleged events in this Complaint. Moreover, the retaliation for filing the PRE Complaint spilled over to the Chippewa Correctional Facility, as well as MDOC's Grand Plaza Building in Lansing, MI. All of these State employees are accused of covering up Plaintiff's PREA Complaint, and then retaliating against Plaintiff for the filing of the PREA Complaint. Plaintiff notes that the retaliation came in the form of a phone restriction imposed upon Plaintiff by Defendant Inspector Salinas of SLF for Plaintiff contacting his Mother about the continuous abuses Plaintiff suffered at the hands of SLF employees. Moreover, the retaliation extended to repeated "cell shakedowns" that resulted in most of Plaintiff's papers in relation to this Complaint as being destroyed by MDOC Staff.

7. At all times relevant, Defendant Corrections Officer Kabat, was the housing officer at SLF. While serving meals in the housing unit on April 22, 2022, he opened the food slot, reached in his arm, grabbed Plaintiff's penis in a sexual manner (stroking it back and forth) and stating that he would be back to do this again and again.

4

8. Defendant Dalton was the Second Shift Sergeant and PREA Coordinator at SLF during the time of the alleged events of this Complaint. The Step I grievance response clearly indicates that Defendant Sgt. Dalton was to formally investigate the PREA matter pursuant to MDOC Policy Directive *PD 03.03.140* and MDOC Policy Directive *PD 01.01.140*. The record reflects that Sgt. Dalton did nothing.

9. Defendant Salinas was the Inspector at SLF during the time of the alleged events of this Complaint. Inspector Salinas assigned the task of the PREA investigation to Sgt. Dalton, but did not oversee the investigation or review the results.

10. Moreover, the same Defendant, Inspector Salinas engaged in retaliation against Plaintiff for the filing of a PREA Complaint against one of his Corrections Officer, namely C/O Kabat. This retaliation was imposed upon Plaintiff when Plaintiff refused to withdraw his PREA Complaint. Moreover, the retaliation extended to repeated "cell shakedowns" that resulted in most of Plaintiff's papers in relation to this Complaint as being destroyed by MDOC Staff.

11. This matter was brought to the attention of Defendant Lamentola, the Assistant Deputy Warden of SLF, who did nothing to control the actions and inactions of his subordinate.

12. Also involved in this retaliation matter was Levy, SLF Acting Grievance Coordinator, who did nothing to control the actions and inactions of his co-workers.

13. Defendant, John Christensen, was the Warden at SLF during the time of the alleged events mentioned in this Complaint. Defendant Christensen is responsible for the assignment, supervision, discipline, and investigation of MDOC employees at the St. Louis Correctional Facility (SLF). Warden Christensen is also responsible for the custody, safety, protection, and fair treatment of prisoners at his facility pursuant to *MDOC Administrative Rule R 791.2205*. Warden Christensen is also responsible for developing and implementing procedures and policies to

prevent sexual abuse and degrading treatment of prisoners, and ensuring an adequate and effective mechanism for the safe and effective reporting of sexual and physical assault and sexual harassment experienced by prisoners housed at his facility. Warden Christensen is accused of failing to protect the Plaintiff by way of deliberate indifference in violation of the Eighth Amendment, and failing to supervise his subordinates to conduct a PREA investigation in accordance with Federal statute *42 USC § 15601et seq.*, and Federal Regulation *28 CFR 115.52,* after receiving a PREA Complaint from Plaintiff for sexual assault.

14.  Moreover, Defendant Warden Christensen of SLF did nothing when Plaintiff's retaliation claim was brought to his attention. Plaintiff informed Defendant Warden Christensen that his Inspector Salinas had retaliated against Plaintiff for filing the PREA Complaint in the first place. Moreover, the retaliation extended to repeated "cell shakedowns" that resulted in most of Plaintiff's papers in relation to this Complaint as being destroyed by MDOC Staff. Defendant Warden Christensen did nothing and ignored Plaintiff's pleas for help and protection.

15.  Having failed to obtain any protection and resolution from the Staff at SLF, Plaintiff filed a formal PREA Complaint with Alexandra Baron, whose office is located in the MDOC Grandview Plaza Building. Said Defendant received the PREA Complaint from Plaintiff and did absolutely nothing about it. Again, Plaintiff was denied any protection and resolution.

16.  By this time, Plaintiff had been transferred to the Chippewa Correctional Facility (URF-East), whereupon Plaintiff filed for resolution of the retaliation that followed him from SLF. Upon Plaintiff's arrival to URF-East, Plaintiff immediately contacted the facility Warden, now Defendant J. Corrigan, Warden at URF-East.

17.  Defendant J. Corrigan, the Warden at URF-East is so named because he refused to investigate the matter of Plaintiff's claims of retaliation for having filed a PREA Complaint against

SLF Correction's Officer Kabat. Moreover, the retaliation extended to repeated "cell shakedowns" that resulted in most of Plaintiff's papers in relation to this Complaint being destroyed by MDOC Staff.

18. Like Defendant Christensen, Warden at SLF, Defendant J. Corrigan, Warden at URF-East had the same duty to protect Plaintiff from harm and retaliation for exercising his First Amendment right to redress his grievance against Government officials. Defendant, J. Corrigan was responsible for the assignment, supervision, discipline, and investigation of MDOC employees at the Chippewa Correctional Facility (URF-East). Moreover, the retaliation extended to repeated "cell shakedowns" that resulted in most of Plaintiff's papers in relation to this Complaint as being destroyed by MDOC Staff. Warden Corrigan is also responsible for the custody, safety, protection, and fair treatment of prisoners at his facility pursuant to ***MDOC Administrative Rule R 791.2205***. Warden Corrigan is also responsible for developing and implementing procedures and policies to prevent sexual abuse and degrading treatment of prisoners, and ensuring an adequate and effective mechanism for the safe and effective reporting of sexual and physical assault and sexual harassment experienced by prisoners housed at his facility. Warden Corrigan is accused of failing to protect the Plaintiff by way of deliberate indifference in violation of the Eighth Amendment, for failing to investigate Plaintiff's claim of retaliation for filing a PREA Complaint against a Corrections Officer while at the SLF facility. Moreover, the retaliation extended to repeated "cell shakedowns" that resulted in most of Plaintiff's papers in relation to this Complaint as being destroyed by MDOC Staff.

19. Defendant Warden J. Corrigan at URF-East did nothing when Plaintiff's retaliation claim was brought to his attention. Plaintiff informed Defendant Warden Corrigan that one Inspector Salinas from SLF had retaliated against Plaintiff for filing the PREA Complaint in the

7

first place.  Moreover, the retaliation extended to repeated "cell shakedowns" that resulted in most of Plaintiff's papers in relation to this Complaint as being destroyed by MDOC Staff.  Defendant Warden Corrigan did nothing and ignored Plaintiff's pleas for help and protection.

## IV. STATEMENT OF FACTS

20.  Sometime on April 22 2022, on first shift (6AM to 2PM) while the meal was being served in the housing unit, Defendant Corrections Officer Kabat opened the food slot on the door, reached in and grabbed Plaintiff's penis in a sexual way; stroking it back and forth.  Plaintiff backed off, and Defendant Officer Kabat closed the food slot door.  All the while, Defendant Officer Kabat was looking at Plaintiff through the door window, licking his lips, and stating that he would be back for more.

21.  Plaintiff tried to talk to the first shift sergeant, but no one would listen to him.  Plaintiff finally got the attention of the second shift (2PM to 10PM) Sergeant by the name of Dalton on April 22, 2022.  Plaintiff asked Sgt. Dalton for a PREA grievance form, but one was not supplied to him.  Instead, Sgt. Dalton instructed Plaintiff to write what happened on a blank sheet of paper and give it to her; which Plaintiff did.

22.  Simultaneously, on April 22, 2022, Plaintiff filed a grievance that was converted to a PREA Complaint and assigned to Sgt. Dalton for review.  At no time was Plaintiff ever interviewed by SLF Staff regarding this matter.

23.  Inspector Salinas was notified by Defendant, Levy, SLF Acting Grievance Coordinator on April 27, 2022 that the grievance had been withdrawn and converted to a PREA Complaint.

24.  Nothing was done about Defendant Corrections Officer Kabat, and in the process, Defendant Inspector Salinas placed Plaintiff on a phone restriction in retaliation for filing the PREA Complaint.  Note:  This restriction was done without any notice given Plaintiff.  Moreover,

the retaliation extended to repeated "cell shakedowns" that resulted in most of Plaintiff's papers in relation to this Complaint as being destroyed by MDOC Staff.

25. Plaintiff notes that he was placed on phone restriction by Defendant Inspector Salinas of SLF in retaliation for refusing to sign-off on the PREA Complaint written against Defendant Corrections Officer Kabat of SLF.

26. The situation with Defendant Corrections Officer Kabat continued. This Defendant would walk past Plaintiff's door, licking his lips while looking at Plaintiff through the window, and making comments about how he wanted Plaintiff and what he would do with Plaintiff once he got his hands on Plaintiff.

27. Both Inspector Salinas and Assistant Deputy Warden Lamentola, signed off of the Grievance filed on April 22, 2022. Plaintiff was never interviewed by anyone. On May 13, 2022, Plaintiff pursued the grievance at Step II to the Warden's Office; explaining that his situation was not resolved in any form or fashion. Plaintiff's Step II grievance by Defendant Warden Christensen of SLF was summarily denied on June 6, 2022.

28. Plaintiff appealed this matter directly to Lansing at Step III on June 13, 2022, indicating that he feared for his life because Plaintiff was still having problems with Defendant Corrections Officer Kabat of SLF. Plaintiff's Step III grievance was summarily denied on July 7, 2022.

29. Plaintiff repeats that at no time was he ever interviewed by SLF Staff regarding this PREA situation.

30. On September 20, 2022, Plaintiff filed a formal Complaint that was taken by Defendant Alexandra Baron of MDOC Grandview Plaza Building. The Complaint reiterated the sexual harassment by the Corrections Officer and the retaliation that followed. The retaliation

9

consisted of phone restrictions and repeated "cell shakedowns" that resulted in most of Plaintiff's papers in relation to this Complaint as being destroyed by MDOC Staff.

31. On November 14, 2022, Plaintiff received the results from the so-called PREA investigation that did not indicate who had conducted the investigation. The only notation was that the PREA findings were unsubstantiated due to insufficient evidence. Again, Plaintiff states that at no time was he ever interviewed by any MDOC Staff Employee at any time up to and including the present date in time that this 1983 Action is being filed.

32. After being transferred to the Chippewa Correctional Facility (URF-East) from the St. Louis Correctional Facility (SLF), Plaintiff still found himself on phone restriction and continuous "cell shakedowns." Each time, Plaintiff lost more and more property in the form of notes, papers and copies of grievances related to this instant Complaint.

33. Plaintiff filed a grievance on December 14, 2022, which Defendant Warden J. Corrigan of URF-East summarily denied at the Step II level on January 13, 2023. Note: Plaintiff never received a response at the Step I level.

34. Plaintiff appealed this decision to Lansing at the Step III level on January 26, 2023; indicating that the issue was not only ongoing, but that Plaintiff had never received any paperwork indicating he was on phone restriction and for what reasons. The Step III grievance was summarily denied by Lansing on February 7, 2023.

35. Throughout this entire ordeal, Plaintiff made numerous requests at SLF and URF-East to speak to Mental Health Staff. Plaintiff made these requests because he suffered and still suffers from anxiety, humiliation, and restlessness. NOTE: All of the kites sent to Mental Health and responses were all confiscated by MDOC Staff in the repeated "cell shakedowns" by MDOC Staff.

36.   Moreover, once Plaintiff was placed on phone restriction that isolated him from his loved ones, Plaintiff experienced suicidal thoughts.  At the same time, Plaintiff stopped socializing with other prisoners and began to isolate himself from other prisoners.  Moreover, the retaliation extended to repeated "cell shakedowns" that resulted in most of Plaintiff's papers in relation to this Complaint as being destroyed by MDOC Staff.  Throughout this experience, Plaintiff became very suspicious and paranoid, and saw everyone as a potential threat to Plaintiff's very existence.

### V.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

37.   Plaintiff has exhausted all three-steps of his MDOC administrative remedies with respect to all claims against all of the Defendants named herein.

### VI.  CLAIMS FOR RELIEF

38.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 37, inclusive as thoroughly and fully stated herein.

39.   Defendant Corrections Officer, being Defendant #1, failed to protect Plaintiff from cruel and unusual punishment under the Eighth Amendment by and through his ongoing unwanted and unsolicited sexual harassment.  Instead, this Defendant openly and continuously sexually harassed Plaintiff until Plaintiff was eventually transferred to another prison facility.

40.   Defendants, being Defendants #2 through #8, failed to protect Plaintiff from cruel and unusual punishment under the Eighth Amendment by and through ignoring the ongoing sexual harassment conducted by Defendant #1.

41.   Defendants #2 through #8, failed  to protect Plaintiff from retaliation for exercising his First Amendment rights to redress his grievances against Government officials.  Moreover, the retaliation extended to repeated "cell shakedowns" that resulted in most of Plaintiff's papers in relation to this Complaint as being destroyed by MDOC Staff.

11

42. Defendant Sergeant Dalton, SLF Second Shift Sergeant and PREA Coordinator, failed to fully investigate Plaintiff's PREA Complaint, and instead summarily dismissed the allegations. This was done in violation of the Prison Rape Elimination Act, being *42 USC §§ 15601-15609* and *CFR 115.52*; the result of being a violation of the Eighth Amendment for failure to protect against cruel and unusual punishment.

43. Defendant Salinas, Inspector of SLF and direct supervisor of Sgt. Dalton, failed to insure that his subordinate was performing her job to fully investigate the PREA Complaint as instructed and required under the Prison Rape Elimination Act. *42 USC §§ 15601-15609* and *CFR 115.52*, which resulted in being a violation of the Eighth Amendment for failure to protect against cruel and unusual punishment.

44. Defendant Lamentola, Assistant Deputy Warden of SLF and direct supervisor of Sgt. Dalton and Inspector Salinas, failed to insure that his subordinates were performing their jobs to fully investigate the PREA Complaint as instructed and required under the Prison Rape Elimination Act. *42 USC §§ 15601-15609* and *CFR 115.52.*, which failure resulted in the violation of the Eighth Amendment for failure to protect against cruel and unusual punishment.

45. Defendant Levy, Acting Grievance Coordinator of SLF failed to insure that his co-workers were not violating Plaintiff's rights under the Prison Rape Elimination Act. *42 USC §§ 15601-15609* and *CFR 115.52*, which failure caused a violation the Eighth Amendment for failure to protect against cruel and unusual punishment.

46. Defendant John Christensen, Warden of SLF, failed to insure that his subordinates were properly trained, as the Warden failed in his responsibility to insure that the custody, safety, protection, and fair treatment of prisoners at his facility was maintained pursuant to *MDOC Administrative Rule R 791.2205.* This failure resulted in a violation of the Eighth Amendment for

failure to protect against cruel and unusual punishment. Moreover, Defendant John Christensen, Warden of SLF, failed to protect Plaintiff when he was placed on a phone restriction as retaliation for exercising Plaintiff's right to redress his grievances against Government officials under the First Amendment. Moreover, the retaliation extended to repeated "cell shakedowns" that resulted in most of Plaintiff's papers in relation to this Complaint as being destroyed by MDOC Staff.

47.   Defendant Alexandra Baron, MDOC Employee at the Grandview Plaza Building in Lansing, Michigan, failed to pursue the PREA Complaint lodged against Defendant Corrections Officer Kabat, being Defendant #1. This Defendant did nothing about the Complaint, which only perpetuated the actions and inactions by the named Defendants being #1 through #8, inclusive, and which only served to exacerbate the harm upon Plaintiff in violation of the Eighth Amendment.

48.   Defendant J. Corrigan, Warden of URF-East, failed to insure that his subordinates were properly trained, as the Warden failed in his responsibility to insure that the custody, safety, protection, and fair treatment of prisoners at his facility was maintained pursuant to *MDOC Administrative Rule R 791.2205*. Defendant J. Corrigan, Warden of URF-East did nothing to protect Plaintiff from retaliation that followed him from SLF in the form of phone restrictions as punishment for Plaintiff exercising his First Amendment right to redress his grievances against Government officials. Moreover, the retaliation extended to repeated "cell shakedowns" that resulted in most of Plaintiff's papers in relation to this Complaint as being destroyed by MDOC Staff. Defendant J. Corrigan, Warden of URF-East did nothing to correct this constitutional violation, resulting in cruel and unusual punishment in violation of the Eighth Amendment.

## VII. RELIEF SOUGHT

WHEREFORE, Plaintiff requests that this Honorable Court grant the following relief:

13

**A. Issue a Declaratory Judgment stating that:**

1. Defendants, being Defendants #1 through #8, inclusive failed to protect Plaintiff from all harm, especially that of ongoing and unsolicited sexual harassment, in violation of Plaintiff's Eighth Amendment right.

2. Defendants, being Defendants #2 through #8, inclusive failed to protect Plaintiff from retaliation for exercising his right to redress his grievance against Government officials for having filed a PREA Compliant for ongoing and unsolicited sexual harassment by Defendant #1. In violation of Plaintiff's First Amendment right.

3. Defendants, being Defendants #2 through #8, inclusive, failed to protect Plaintiff when the Defendants failed to conduct the PREA investigation and act accordingly under the mandates of the Prison Rape Elimination Act. *42 USC §§ 15601-15609* and *CFR 115.52*,

4. Defendants, Warden Christensen and Defendant Warden J. Corrigan, jointly and severally, failed to correct the inadequate protection due Plaintiff, which caused not only ongoing and unsolicited sexual harassment, but resulted in retaliation on Plaintiff by the Defendants in violation of both the First and Eighth Amendments to the United States Constitution.

**B. Award Compensatory Damages in the following amounts:**

1. $100,000.00 against Defendant Corrections Officer Kabat, being Defendant #1 for his unsolicited and ongoing sexual harassment against Plaintiff in violation of the Prison Rape Elimination Act and the Eighth Amendment.

2. $700,000.00 jointly and severally against Defendants, being Defendants #2 through #8, inclusive, for not protecting Plaintiff from the unsolicited and ongoing sexual harassment by Defendant Corrections Officer Kabat, being Defendant #1against Plaintiff in violation of the Eighth Amendment.

3.  $700,000.00 jointly and severally against Defendants, being Defendants #2 through #8, inclusive, for not protecting Plaintiff against the retaliation imposed on Plaintiff for refusing to withdraw his PREA Complaint, and which retaliation in the form of phone restrictions continued even after Plaintiff's transfer to another prison facility.  This retaliation violated Plaintiff's right to redress his grievances against Government officials and violated Plaintiff's First Amendment right.

4.  $700,000.00 jointly and severally against Defendants, being Defendants #2 through #8, inclusive, for not conducting the PREA investigation and act accordingly under the mandates of the Prison Rape Elimination Act. *42 USC §§ 15601-15609* and *CFR 115.52*, which violated Plaintiff's rights under the Eighth Amendment.

5.  $700,000.00 jointly and severally against Defendant Warden Christensen and Defendant Warden J. Corrigan, being Defendants #6 and #8, respectfully, for their failure to take any action to curb the danger of their staff; the result being the uninvited and unsolicited sexual assault imposed upon Plaintiff by Defendant Corrections Officer, being Defendant #1.

6.  $700,000.00 jointly and severally against Defendant Warden Christensen and Defendant Warden J. Corrigan, being Defendants #6 and #8, respectfully, for their failure to take any action to curb the danger of their staff; the result being the retaliation placed upon Plaintiff by the Defendants under the supervision of Defendants #6 and #8, respectfully, which was placed upon Plaintiff for exercising his right to redress his grievances against Government officials.

## C. Award punitive damages in the following amounts:

1.  $100,000.00 against Defendant Corrections Officer Kabat, being Defendant #1, and,

2.  $50,000.00 against each Defendant, being Defendants #2 through #8, inclusive.

**D. Award nominal damages in the following amounts:**

1.  $50,000.00 against each and every Defendant, being Defendants #1 through #8, inclusive.

**E. Award the Plaintiff any fees and costs incurred for having to prosecute this action against the above named Defendants, being Defendants #1 through #8, inclusive.**

**F. Grant such other and further declaratory and equitable relief as this Honorable Court deems just and appropriate, and just and proper, to protect the Plaintiff form further harm.**

## VIII.  VERIFICATION

I, Michael Marcel McLaurin, Plaintiff herein, declare under the penalty of perjury under 28 USC § 1746, that the foregoing statements made in this Verified Complaint are true and correct.

Respectfully submitted,

*Michael McLaurin*

Dated:  May 12, 2023

Michael Marcel McLaurin, 569813
Chippewa Correctional Facility
4269 West M-80 Hwy.
Kinchloe, MI  49784



RECEIVED
MAY 17 2023
THOMAS L. LUDINGTON
U.S. DISTRICT JUDGE

Off of the Clerk

United States District Court

Eastern District - Northern Division

1000 Washington Avenue

Bay City, MI 48708 Court Clerk

Michael McLaurin
569813

4269 West M-80
Kincheloe, MI 49784

RECEIVED
MAY 23 2023
CLERKS OFFICE
DETROIT