UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL McLAURIN,

        Plaintiff,

v.

JON KABAT, et al.,

        Defendants.

_____/

Case No. 2:23-cv-11212
District Judge Terrence G. Berg
Magistrate Judge Anthony P. Patti

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DISMISS THIS MATTER PURSUANT TO FED. R. CIV. P. 41(b) and DEEM MOOT THE PENDING MOTION FOR SUMMARY JUDGMENT (ECF No. 20)**

**I.     RECOMMENDATION**: The Court should **DISMISS** this matter pursuant to Fed. R. Civ. P. 41(b) and **DEEM MOOT** Defendant Salinas's motion for summary judgment (ECF No. 20).

**II.    REPORT:**

    **A.    Background**

On May 17, 2023, Michael Marcel McLaurin, a Michigan prisoner who has since been discharged, filed a *pro se* complaint against several corrections officials at the St. Louis Correctional Facility ("SLF") and the Chippewa Correctional Facility ("URF"), alleging that an SLF corrections officer sexually

harassed and assaulted him and that prison officials at both facilities ignored and retaliated against him when he reported the assault and harassment. (ECF No. 1.) Plaintiff was granted leave to proceed without prepaying filing fees, and on September 12, 2023, Judge Terrence Berg dismissed his claims against all the named Defendants except Officer Kabat, Sergeant Dalton, and Inspector Salinas pursuant to 28 U.S.C. § 1915(e).  (ECF No. 7.)

On December 14, 2023, Plaintiff notified the Court that he had been released from incarceration and updated the Court with his current contact information. (ECF No. 10.)  Since that time, all filings have been mailed to his address of record, 13786 Castle Ave., Warren, MI 48088, and nothing has been returned to the Court as undelivered.

The case has been referred to me "for all pretrial proceedings, including a hearing and determination of all non−dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B)."  (ECF No. 21.)

On June 4, 2024, Defendant Salinas filed a motion for summary judgment. (ECF No. 20.)  Under the local rules, a response to Defendant's motion was due within 21 days following service of the motion. E.D.Mich. LR 7.1(e)(2)(A). However, I entered an order extending that time, and directing Plaintiff to file a response to the motion by July 15, 2024.  (ECF No. 22.)  After almost three

2

months had passed after this deadline and Plaintiff had still not filed a response to the motion, I issued an order to show cause why the case should not be dismissed for lack of prosecution. (ECF No. 23.)

### B. Plaintiff has not complied with the show cause order.

In my October 11, 2024 order to show cause, I required Plaintiff to respond as to why the case should not be dismissed for lack of prosecution by **November 1, 2024.** (ECF No. 23.) The order was sent to Plaintiff's address of record and was not returned as undeliverable. The order specifically provided:

> . . . ON OR BEFORE **Friday, November 1, 2024**, Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, as to (1) why this case should not be dismissed in accordance with Federal Rule of Civil Procedure 41(b) and Eastern District of Michigan Local Rule 41.2 for his failure to comply with the Court's scheduling order (ECF No. 22) and/or under Fed. R. Civ. P. 41(b) for his failure to prosecute; and, (2) must also propose a reasonable and conservative extended deadline for filing a response to Defendant's pending motion, should the Court choose to permit a response. Failure to comply with this Order could result in a Report and Recommendation that the Court dismiss this action pursuant to Federal Rule of Civil Procedure 41(b) and E.D. Mich. LR 41.2.

(*Id.*, PageID.115 (emphases in original).) To date, Plaintiff has not filed a response to this show cause order.

### C. The Court should dismiss this matter for Plaintiff's failure to prosecute.

Plaintiff having failed to file a response to the pending dispositive motion (ECF No. 20), and further having failed to file a response to the Court's order

3

requiring Plaintiff to show cause (ECF No. 23), the Court should dismiss this matter for Plaintiff's failure to prosecute. As the Sixth Circuit has explained:

> In the context of dismissal pursuant to Rule 41(b) for failure to prosecute, we look to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citing *Stough v. Mayville Community Sch.*, 138 F.3d 612, 615 (6th Cir.1998)). Applying these factors to the case at bar:

1. It seems that Plaintiff's failure to file a response to the currently pending dispositive motion (*see* ECF No. 20) and his failure to file a response to the show cause order (see ECF No. 23) are the result of willfulness, bad faith or fault. If Plaintiff is not receiving the Court's orders mailed to his address of record, it is upon him to keep the Court apprised of any change in address, as he was warned at the outset of this case (*see* ECF No. 6). *See also* E.D. Mich. LR 11.2 ("Failure to Provide Notification of Change of Address").

2. Taking into consideration that Plaintiff's most recent filing occurred in December 2023 (*see* ECF No. 10), Defendants are prejudiced by having to spend any *further* time and money – *i.e.*, beyond that associated with the pending dispositive motion – on a case that Plaintiff appears to have abandoned.

3. The Court's show cause order warned Plaintiff that failure to comply with the order "could result in a Report and Recommendation that the Court dismiss this action pursuant to Federal Rule of Civil Procedure 41(b) and E.D. Mich. LR 41.2[,]" (ECF No. 23, PageID.115).

4

> 4. As for whether less drastic sanctions were imposed or considered, it appears that any such effort would be fruitless, given the multiple Court orders (*e.g.*, ECF Nos. 22, 23) to which Plaintiff has failed to respond.

Each of the factors weighs against Plaintiff; therefore, the Court should **DISMISS** this matter pursuant to Fed. R. Civ. P. 41(b) and **DEEM MOOT** the pending dispositive motion (ECF No. 20).

### III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc*.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated:  November 12, 2024

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE